```
              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )     Chapter 7
STEVEN P. BURRELL,              )
                                )
     Debtor.                    )     Bankruptcy No. 08-02771
------------------------------
FIRST NATIONAL BANK,            )
                                )     Adversary No. 09-9064
     Plaintiff,                 )
                                )
vs.                             )
                                )
ANGELA BURRELL,                 )
                                )
     Defendant.                 )
```

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

This matter was heard on September 25, 2009 by telephonic hearing on Plaintiff First National Bank's motion for summary judgment. Attorney Eric Lam appeared for First National Bank. Attorney Kevin Ahrenholz appeared for Defendant Angela Burrell. After presentation of evidence and argument, the Court took the matter under advisement. This matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

**STATEMENT OF THE CASE**

On June 4, 2009, Plaintiff First National Bank ("Plaintiff") commenced this adversary case to determine lien rights against Defendant Angela Burrell ("Defendant" or "Angela"). Defendant filed an answer on July 2, 2009. Plaintiff now moves for summary judgment. It argues that the Burrells' Joint Stipulation granted Angela a lien in the nature of alimony. Angela resists Plaintiff's motion for summary judgment, asserting there is a genuine issue of material fact as to whether her lien secures a debt for alimony or a property settlement.

**FINDINGS OF FACT**

Debtor Steve Burrell ("Debtor" or "Steve") and Angela were divorced on November 28, 2007. On that date, Debtor and Defendant, together with their attorneys, signed a Joint Stipulation which was incorporated by reference into their divorce decree. Paragraph 8 of the Joint Stipulation sets forth

the terms of their divorce pertinent to this proceeding, namely that Steve was to pay Angela $3500 per month for five years and $2000 per month for one year thereafter.  The language of the Joint Stipulation reads: "Angela shall maintain a lien against the real estate awarded to Steve . . . until the property settlement awarded her . . . is paid in full."  The Joint Stipulation states that if Steve subsequently filed bankruptcy, he would reaffirm this debt and it would not be discharged in any subsequent bankruptcy.

Following the divorce, Debtor gave three mortgages on the property: one unrecorded mortgage from Debtor in favor of Plaintiff First National Bank (assigned to Iowa Bankers Mortgage Corp.) and two recorded mortgages from Debtor and his new spouse in favor of Plaintiff.  During the September 25 hearing, Plaintiff conceded that Angela Burrell's lien on Debtor's homestead has priority over Plaintiff's mortgages.

Plaintiff asserts that Angela's lien secures her right to alimony payments, and thus it is limited to $20,500, the amount of all accrued and unpaid monthly payments up to the date of Debtor's Chapter 13 Petition.  Angela contends that her lien secures either her right to alimony payments or her right to a property settlement.  If the lien secures a debt for alimony, Angela argues she is entitled to recover all accrued and unpaid monthly payments and interest up to the date of the sale of Debtor's homestead.  In the alternative, she argues that if the lien secures a property settlement debt, she is entitled to recover all payments due under the decree.  Debtor's homestead has not yet been sold.

### CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions in adversary proceedings.  Fed. R. Bankr. P. 7056, adopting Fed. R. Civ. P. 56. According to the rule, "summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  In re Herz, No.  08-00412, slip op.  at 1 (Bankr.  N.D. Iowa Apr. 23, 2009) (citing Fed. R. Civ. P. 56(c)).  A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case.  Anderson v.  Liberty Lobby, 477 U.S. 242, 248-49 (1986).  Summary judgment should be granted only if the moving party can demonstrate that there is no

need for trial on an issue because there is not sufficient evidence supporting the nonmoving party.  Id. at 249.  "[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id.  When a party moves for summary judgment, the court views the record in the light most favorable to the nonmoving party and affords that party all reasonable inferences.  Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986); In re Patch, 526 F.2d 1176, 1180 (8th Cir. 2008).

## ANALYSIS

The Court concludes that a genuine issue of material fact exists which precludes summary judgment.  While Plaintiff asserts that Angela's lien on Debtor's homestead is for alimony, Angela contends that the lien may be for alimony or may be for a property settlement, depending on how the Court interprets the Joint Stipulation drawn up between Debtor and Angela as part of their divorce.  Whether the Joint Stipulation obligates Debtor to pay Angela alimony payments or a property settlement in payments is an issue of material fact.  The Court cannot adjudicate the lien rights between the parties with finality and consistency without knowing whether the underlying debt is alimony or a property settlement.  Viewing the record as a whole in the light most favorable to Angela Burrell, the Court cannot find that Plaintiff is entitled to judgment as a matter of law.

**WHEREFORE**, for the reasons set forth herein, the Motion for Summary Judgment filed by Plaintiff is DENIED.

DATED AND ENTERED: October 1, 2009

Paul J. Kilburg
Chief Bankruptcy Judge

3